IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL VASQUEZ and WAYNE
CUTHILL, on their own behalf
and on behalf of a class of
similarly situated persons
pursuant to F.R.C.P. 23 and 23
U.S.C. §216, and on behalf of
the General Public,

       Plaintiffs,

  v.

Panella Trucking, L.L.C., a
California limited liability
corporation,

       Defendant.
_____/

Case No. 09-cv-02849-JAM-KJM

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS AND STRIKE

     This matter comes before the Court on a Motion to Dismiss
and/or Strike by Defendant Panella Trucking, L.L.C.
("Defendant"). Defendant seeks to dismiss six out of seven
claims in Plaintiffs Daniel Vasquez' and Wayne Cuthill's
("Plaintiff's") class action Complaint, pursuant to Federal Rule

1

of Civil Procedure 12(b)(6), and to dismiss or strike all Rule 23 class action allegations pursuant to Federal Rule of Civil Procedure 12(f). Plaintiffs oppose the motion.[1]

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs were truck drivers in San Joaquin, California, employed by Defendant for intra-state transport of goods. Plaintiffs allege that they and a class of similarly situated individuals were denied overtime pay, denied twice-monthly pay, denied meal and rest breaks, and denied unpaid wages at layoff or resignation. Plaintiffs allege that all truck drivers engaged in the intra-state transport of goods, except those engaged in the transport of produce from the field where such produce was harvested in its natural state, were subject to these policies. Plaintiffs bring one federal law collective action claim for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207, and six state law class claims for violation of California Labor Code Sections 204, 201, 202, 226, 226.7, and the California Business and Professions Code §§ 17200 et seq.

---

[1] The motion was determined suitable for decision without oral argument pursuant to E.D. Cal. L.R. 230(g). Additionally, Defendant filed a 12 page Reply brief in violation of this Court's Order Regarding Page Limits (See Doc. 6, Ex. 3). Attorneys for Defendant are sanctioned in the amount of $100, payable to the Clerk of the Court within ten days.

Defendant seeks to dismiss all six state law claims, and dismiss or strike all allegations pertaining to a Rule 23 class action.

I.   OPINION

A.   Legal Standard

In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheur v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Schere, 468 U.S. 183 (1984). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Regarding a motion to strike, "Rule 12(f) provides in pertinent part that the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. . . . Motions to strike are

3

disfavored and infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." <u>Bassett v. Ruggles et al.</u>, 2009 WL 2982895, at *24(E.D. Cal. Sept. 14, 2009) (internal citations omitted). When considering a motion to strike, the court must view the pleading in the light most favorable to the pleading party. <u>Ellison v. Autozone</u>, 2007 WL 2701923, at *1 (N.D. Cal. Sept. 13, 2007).

B. <u>Supplemental Jurisdiction of State Law Claims</u>

Defendant brings its motion to dismiss the state law claims in Plaintiffs' Complaint on three grounds: that the state law claims predominate, that the state law claims present novel and complex issues, and that an FLSA opt-in collective action is fundamentally incompatible with a Rule 23 opt-out class action. Thus, Defendant argues that the Court should decline to exercise supplemental jurisdiction over the state law claims.

Pursuant to 28 U.S.C. §1367, in any civil action in which the district court has original jurisdiction, the district court also has supplemental jurisdiction over all other claims in the action which form part of the same Article III case or controversy. <u>Wheeler v. Payless Towing</u>, 2010 WL 148714, at *3 (E.D. Cal. Jan. 11, 2010). "State and federal law claims form part of the same case or controversy when they 'derive from a common nucleus of operative fact.'" <u>Silverman v. Smithkline Beecham Corp.</u>, 2007 WL 3072274, at *2 (C.D. Cal. Oct. 16,

2007)(quoting <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715,725 (1966)).

When deciding whether to take jurisdiction of state law claims, the Court must consider a number of factors. The Court may decline to exercise supplemental jurisdiction under certain joinder conditions, 28 U.S.C. §1367(b), or when (1) the state law claim raises novel or complex issues of state law, (2) the state claim substantially predominates over claims which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) where compelling reasons exist to justify declining jurisdiction. 28 U.S.C. §1367(c). <u>See</u> <u>Smithkline</u>, 2007 WL 3072274, at *2-3. Additionally, the Court must balance the principles of judicial economy, fairness, convenience, and comity. <u>Meza v. Matrix Servicing</u>, 2010 WL 366623, at *3 (E.D. Cal. Jan. 26, 2010)(citing <u>Acri v. Varian Associates, Inc.</u>, 114 F.3d 999, 1001(9th Cir. 1997)).

Defendant argues that the state law claims predominate over the federal claim, because there are six state law claims and only one federal claim. The state claims also have a longer statute of limitations, and Defendant argues they would require more extensive discovery. The Court finds these arguments to be premature. At this stage of the proceedings, the Court is unable to determine as a matter of law that the state law claims predominate over the federal claim. No FLSA or Rule 23 class has been certified yet, and the case is only at the initial pleading stage. <u>See</u> <u>Smithkline</u>, 2007 WL 3072274, at *3 (declining to find state claims predominant over an FLSA claim at the initial

pleading stage); Hoffman v. Construction Protective Services, Inc., 2004 WL 562136, at *7 (C.D. Cal. July 13, 2004) (declining to find state claims predominant over an FLSA claim before the size of FLSA class had been determined). Defendant also argues that the state law claims present novel and complex issues that have not been widely litigated. However, considering the allegations of the Complaint in the light most favorable to Plaintiffs, none of the allegations or claims appear particularly novel or complex. The state law violations are for wage and hour issues that are regularly addressed by state and federal courts. California Labor Code §226.7, which Defendant cites as an example of a code section where the law is uncertain, has been widely litigated and is currently before the California Supreme Court for interpretation. See Richards v. Ernst & Young LLP, 2010 WL 682314, at *4 (N.D. Cal. Feb. 24, 2010).

Defendant argues that the state and federal claims do not arise from a common nucleus of operative fact, and that the state law claims would require substantial additional inquiry that is not related to the single FLSA claim for failure to pay overtime. However, as Plaintiffs explain, the state law claims arise from the same activity as the FLSA claim, because Defendant's alleged failure to pay FLSA-mandated overtime pay triggered numerous state law violations.

Lastly, Defendant argues the Court should decline supplemental jurisdiction in the interest of judicial economy. Defendant argues for declining jurisdiction over state law claims because of the broad scope of the state law claims, an

argument that the Court does not find persuasive at this early
stage of the pleadings. Additionally, in Defendant's Reply it
also raises the argument for the first time that a similar class
action was filed in state court, and requests judicial notice of
the case. The Court notes that the state court action was filed
by different named plaintiffs, involves some similar and some
different claims, and may not encompass the same class of
workers.

     In short, the Court does not find Defendant's arguments
sufficiently persuasive to decline supplemental jurisdiction at
this initial pleading stage. Accordingly, the Court denies
Defendant's motion to dismiss on this ground.


C. <u>FLSA and Rule 23 Actions</u>

     Plaintiffs seek to bring a collective action under the FLSA
and a state law class action under Rule 23. Defendant argues
that Plaintiffs cannot bring both opt-in and opt-out class
claims in the same action, because they are fundamentally
incompatible. "FLSA and Rule 23 provide different means for
participating in a class action: FLSA provides for participation
on an opt-in basis (see §216(b)), while Rule 23 requires that
nonparticipating class members affirmatively opt out of the suit
(see FRCP 23(c)(1)(B))." <u>Baas v. Dollar Tree Stores, Inc.</u>, 2007
WL 2462150, at *3 (N.D. Cal. Aug. 29, 2007). However, "had
Congress believed that allowing a state opt-out action to go
forward simultaneously with an opt-in FLSA action would
undermine the statute, it would not have expressly indicated
that the FLSA does not preempt state labor laws." <u>Murillo v.</u>

<u>Pacific Gas & Electric Company</u>, 2010 WL 797009, at *4 (E.D. Cal. March 5, 2010). Additionally, "Congress certainly intended for FLSA collective actions to proceed on an opt-in basis; but there is no indication that Congress intended to limit the scope of supplemental jurisdiction over other claims arising out of the same case or controversy." <u>Smithkline</u>, 2007 WL 3072274, at *2.

Defendant cites primarily to out-of-circuit cases in which courts held the FLSA and Rule 23 to be incompatible. This is a view taken in some circuits, however within the Ninth Circuit courts generally do not find the FLSA and Rule 23 to be fundamentally incompatible. <u>See e.g.</u> <u>Dollar Tree Stores</u>, 2007 WL 2462150, at *4; <u>Murillo</u>, 2010 WL 797009, at *3-4; <u>Smithkline</u>, 2007 WL 3072274, at *2. Accordingly, this Court declines to dismiss Plaintiffs' Rule 23 claims on the basis of incompatibility with the FLSA.

C. <u>Rule 23 Class Action Allegations</u>

Defendant argues that Plaintiffs should be allowed to proceed on the FLSA claim only, and the Court should strike all Rule 23 allegations from the Complaint. It is premature to strike the Rule 23 class action allegations before a motion for class certification has come before the Court. <u>Smithkline</u>, 2007 WL 3072274, at *2.  Because courts within the Ninth Circuit routinely allow hybrid Rule 23 and FLSA class actions to proceed, (<u>see</u> <u>e.g.</u> <u>Smithkline</u>, 2007 WL 3072274; <u>Hoffman</u>, 2004 WL 562136; <u>Murillo</u>, 2010 WL 797009; <u>Dollar Tree Stores</u>, 2007 WL

2462150), the Court will not strike the Rule 23 allegations from the Complaint.

III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss and/or Strike is DENIED.


IT IS SO ORDERED.


Dated: March 24, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE