# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO

| | |
|---|---|
| DANIEL VASQUEZ and WAYNE CUTHILL, on their own behalf and on behalf of a class of similarly situated persons pursuant to F.R.C.P. 23 and 23 U.S.C. § 216, and on behalf of the General Public,<br><br>Plaintiffs,<br><br>vs.<br><br>PANELLA TRUCKING, L.L.C., a California limited liability corporation,<br><br>Defendant. | Case No.:  2:09-CV-02849 JAM [KJM]<br><br>**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Judge:           Hon. John A. Mendez<br>Courtroom:    6<br>Date:            March 21, 2012<br>Time:           9:30 a.m.<br><br>Complaint Filed:   October 13, 2009<br>Trial Date:            No date set |

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

This matter having come before the Court on March 21, 2012, for the Final Approval Hearing on the Parties' Joint Motion for Final Approval of Class Settlement and Plaintiff's Unopposed Application for Award of Attorneys' Fees and Costs, due and adequate notice having been given to Class Members as required by the Court's Preliminary Approval Order dated June 2, 2011, and the Court, having considered all the papers filed and proceedings herein, having received no objections to the Settlement, having determined that the Settlement is fair, adequate and reasonable, and otherwise being fully informed, **HEREBY ORDERS AS FOLLOWS**:

Case No. 2:09-CV-02849 JAM [KJM]]

PDF created with pdfFactory trial version www.pdffactory.com

1. All terms used herein shall have the same meaning as given them in the Joint Stipulation of Class and Collective action Settlement and Release of Claims ("Stipulation").

2. The Court has jurisdiction over the subject matter of this proceeding and over all Parties to this proceeding, including all Class Members.

3. The Court hereby unconditionally certifies the Settlement Class, as set forth in the Stipulation, for purposes of this Settlement only.

4. Distribution of the Notice and Request for Exclusion Form directed to the Class Members as set forth in the June 2, 2011 Order granting preliminary approval has been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified from Defendant's records and reasonable effort, and constituted the best notice practicable under the circumstances.  The Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the proposed Settlement as set forth in the Stipulation.  The Notice provided adequate and appropriate notice to all persons entitled to such notice, and therefore fully satisfied the requirements of due process.  All Class Members and all Released Claims are covered by and included within the Settlement and within this Final Approval Order.

5. The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations and the Settlement was entered into in good faith.  The Court further finds that the Settlement is fair, reasonable, and adequate, and that Plaintiff and Class Members have satisfied the standards and applicable requirements for final approval of this class action Settlement under California law.

6. The Court hereby approves the Settlement as set forth in the Stipulation and directs the parties to effectuate the Settlement according to the terms set forth in the Stipulation.  In granting final approval of the Stipulation, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Settlement Class Members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial.  Additionally, the Court

PDF created with pdfFactory trial version www.pdffactory.com

finds that the terms of the Stipulation have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.

7. Neither the Settlement nor any of the terms set forth in the Stipulation constitute an admission by Defendant, or any of the other Released Parties, of liability to the named Plaintiff or any Class Member, nor does this Final Approval Order constitute a finding by the Court of the validity of any of the claims alleged in the Lawsuit, or of any liability of Defendant or any of the other Released Parties.

8. The Court hereby finds the $140,000.00 Maximum Payment provided for in the Stipulation to be fair, reasonable and adequate.

9. The Court hereby confirms Greg Garrison and Jason Black of Teeple Hall, LLP as Class Counsel.

10. Pursuant to the terms of the Stipulation, and the authorities, evidence, and argument set forth in Class Counsel's application, an award of attorneys' fees in the amount of $49,948.00 and for costs and expenses in the amount of $15,078.00, as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby granted.  The Court finds that Class Counsel's request falls within the range of reasonableness and that the result achieved justifies the award.  The payment of fees and costs to Class Counsel shall be made in accordance with the terms of the Stipulation.

11. The Court also hereby approves Plaintiff Daniel Vasquez as Class Representative and orders payment to Plaintiff for his service as Class Representative the sum of $500.  The payment shall be made in accordance with the terms of the Stipulation.

12. The Court hereby authorizes and directs the Settlement Administrator to calculate and pay the Individual Payment Amounts of all Settlement Class Members who did not submit an accepted request for exclusion in accordance with the terms of the Stipulation.

13. The Court further orders, adjudges and decrees that the Settlement Class Members (other than those who submitted an accepted request for exclusion) and each of them, fully and finally release and forever discharge the Released Parties (as that term is defined in the Stipulation), and each of them, of and from any and all claims, rights, demands, debts, obligations, guarantees,

PDF created with pdfFactory trial version www.pdffactory.com

liabilities, costs, expenses, attorneys' fees, damages, actions and causes of action of every nature and description, whether known or unknown, related in any way to unpaid wages, including reporting time pay, arising during the period from January 1, 2008 to the date on which the court gives final approval of the settlement ("Released Period"), including, without limitation, any other statutory penalties, including those recoverable under the PAGA ("Released Claims").

14. It is further ordered, adjudged and decreed that the Settlement Class Members, and each of them, waive all rights and benefits afforded by Section 1542 of the Civil Code of the State of California. The waiver and release is intended to include and does include in its effect, not only all Claims that are known to the Settlement Class Members, and each of them, but also any and all Claims that the Settlement Class Members, and each of them, do not know or suspect to exist in their favor at the time of the Final Settlement Hearing that are asserted, attempted to be asserted, relate to or arise out of the Action.

15. It is further ordered, adjudged and decreed that the complaint, including all amendments thereto ("Complaint"), is dismissed on the merits and with prejudice, permanently baring all members of the settlement class from prosecuting against Defendant and its present or former agents, servants, attorneys, subsidiaries, affiliates, stockholders, heirs, executors, representatives, successors, or assigns, any individual or class claims which were asserted in this action, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the Complaint.

16. The Court shall have and retain continuing jurisdiction over this action and the parties and settlement class members, including after the entry of this Order, to the fullest extent necessary to interpret, enforce and effectuate the terms and intent of the settlement agreement and this Order.

IT IS SO ORDERED

Dated: March 21, 2012                     /s/ John A. Mendez_____
                                          Hon. John A. Mendez
                                          Judge of the United States District Court

PDF created with pdfFactory trial version www.pdffactory.com